# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**KENNY DREW SAYRE,**

    **Plaintiff,**

    v.                                              Civil Action No. 2:10 CV 31
                                                               (Maxwell)

**CHAD MALARSKI,**

    **Defendant.**

## ORDER

The above-styled civil action was instituted on March 10, 2010, when *pro se* plaintiff Kenny Drew Sayre filed a complaint against the above-named defendant pursuant to 42 U.S.C. § 1983. In his Complaint, the plaintiff asserts that the defendant deliberately sabotaged one of his appeals by failing to "run proper copies for him." The plaintiff further asserts that the defendant's "gross misconduct" violated his civil and constitutional rights. Additionally, the plaintiff asserts that the defendant is "really mad at him" for filing grievances about the incident and has "wrote him up twice" and tried to "get him back in lock-up." Finally, the plaintiff complains that "staff has done away with the law books."

This case was referred to United States Magistrate Judge John S. Kaull in accordance with Rule 2 of the Local Rules of Prisoner Litigation Procedure. On June 10, 2010, Magistrate Judge Kaull issued an Opinion/Report and Recommendation wherein he recommended that the plaintiff's Application to Proceed Without Prepayment of Fees be denied and that the above-styled civil action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g), the "three strikes" provision of the Prisoner Litigation Reform Act which prevents inmates from filing civil rights actions *in forma pauperis* if they have previously

filed three or more cases that were dismissed on the grounds that they were frivolous, malicious, or that they failed to state a claim upon which relief may be granted. In his Opinion/Report and Recommendation, Magistrate Judge Kaull points out that the plaintiff has filed numerous cases both in this District and others, many of which were dismissed on the grounds that they were frivolous, malicious or failed to state a claim upon which relief may be granted, and that he has previously been advised that he cannot proceed without the prepayment of fees unless he first establishes that meets the exception to the "three strikes" rule for prisoners under imminent danger of serious physical injury. Magistrate Judge Kaull recommends that the plaintiff's Application to Proceed Without Prepayment of Fees be denied based on his determination that the Complaint filed by the Plaintiff on March 10, 2010, does not allege that he is in imminent danger of serious physical harm.

Magistrate Judge Kaull's Opinion/Report and Recommendation provided the parties with fourteen (14) days from the date they were served with copies of said Opinion/Report and Recommendation in which to file objections thereto and advised the parties that a failure to timely file objections would result in the waiver of their right to appeal from a judgment of this Court based upon said Opinion/Report and Recommendation.

The plaintiff's Objection with Response to Opinion and Recommendation was filed on June 16, 2010. Accordingly, this matter is now ripe for review.

Pursuant to 28 U.S.C. § 636(b)(1), this Court is required to make a *de novo* review of those portions of the Magistrate Judge's findings to which objection is made. The Court is not, however, required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140,

2

150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the plaintiff's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984).

As previously noted, on June 16, 2010, the plaintiff filed his Objection with Response to Opinion and Recommendation. In said Objection, the plaintiff argues that he "is under threat at all times of being in inminent [sic] danger of serious physical harm, (Malarski,) and other staff here, who is out to cause this plaintiff, phsical [sic] harm because this plaintiff is frighting [sic] for a proper law library, with law book." The plaintiff does nothing more, however, than to allege that he is in imminent danger of serious physical harm. He provides no support at all for this allegation. Accordingly, the Court agrees with Magistrate Judge Kaull that the plaintiff has failed to meet the standard required in order for him to be permitted to file a complaint in this District without prepayment of fees.

The Court, upon an independent *de novo* consideration of all matters now before it, is of the opinion that Magistrate Judge Kaull's Opinion/Report and Recommendation accurately reflects the law applicable to the facts and circumstances before the Court in the above-styled action. Accordingly, it is

**ORDERED** that the Order/Report and Recommendation entered by United States Magistrate Judge John S. Kaull on June 10, 2010 (Doc. 24), be, and the same is hereby, **ACCEPTED**. It is further

**ORDERED** that, the plaintiff's Application to Proceed Without Prepayment of Fees (Doc. 21) be, and the same is hereby, **DENIED**. It is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(g), the above-styled civil action be,

and the same is hereby, **DISMISSED without prejudice.** It is further

**ORDERED** that the Clerk of Court shall enter judgment for the defendant. It is further

**ORDERED** that, should the plaintiff desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within thirty (30) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure. The $5.00 filing fee for the notice of appeal and the $450.00 docketing fee should also be submitted with the notice of appeal. In the alternative, at the time the notice of appeal is submitted, the plaintiff may, in accordance with the provisions of Rule 24(a) of the Federal Rules of Appellate Procedure, seek leave to proceed *in forma pauperis* from the United States Court of Appeals for the Fourth Circuit.

**DATED**: August 16, 2010.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE